## ASHURST v. UNION BANK & TRUST CO.
### (5 Div. 786.)

(Supreme Court of Alabama.   May 11, 1922.)

**1. Bills and notes ⊂∞474—Admission in answer of execution relieved complainant of burden of making formal proof of execution.**

In an action on notes alleged to have been executed by the defendant, admission in answer of the execution of the notes as alleged relieved complainant of the burden of making formal proof of the execution.

**2. Bills and notes ⊂∞474—Allegation of answer that defendant did not admit that exhibit was correct copy of note held not denial of correctness of copy.**

In an action on notes alleged to have been executed by defendant, allegation of answer that defendant "does not admit that" specified exhibit "is a correct copy of said note," *held* not to constitute a denial that the copy was correct, being evasive merely.

**3. Equity ⊂∞172—Defendant's failure to deny facts stated in bill which are prima facie within his knowledge, information, or belief admitted such facts.**

Where material facts are stated in the bill which prima facie are within the knowledge, information, or belief of the defendant, his failure to deny them, or to express his belief of their falsity, or to state that he cannot form any belief respecting their truth, admits that they are true.

**4. Executors and administrators ⊂∞421—Administratrix's bill on rent notes asking for reference to ascertain amount due held to state equity.**

In administratrix's suit on rent notes which were in existence when decedent died, bill alleging that by decree of court of competent jurisdiction a lien was declared on the maker's interest in the lands of the estate for any sum found due from maker to administratrix for rents for the use of any lands belonging to the decedent at the time of his death, and asking for a reference to ascertain the amount due, *held* sufficient as against contention that the bill was without equity.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Bill by Gillie D. Ashurst (Union Bank & Trust Company, substituted complainant) against J. H. Ashurst. From a decree for the complainant, the defendant appeals. Affirmed.

The bill of complaint is filed by Gillie D. Ashurst, as administratrix of the estate of J. V. Ashurst, deceased, to collect the amount of two promissory notes, with interest and attorney's fee, executed by the respondent, J. H. Ashurst, to complainant as such administratrix, on November 1, 1913, and November 1, 1914, respectively, for the rent of a certain portion of the lands belonging to said decedent at his death, and which descended to his heirs, including this respondent. On motion the Union Bank & Trust Company, successor to Gillie D. Ashurst as administrator, was substituted for her as party complainant.

It is shown that in 1916 a decree was rendered in a chancery cause to which the widow and all the heirs were parties, by which the said lands were partitioned in specie, and allotted as the parties were severally entitled—a certain tract described in the bill being allotted to respondent—and "that in said decree a lien was fixed on the above-described land on account of any sums of money which any court having jurisdiction may adjudge or decree to be due from said J. H. Ashurst to your oratrix as such administratrix on account of rents of any portion of the lands belonging to the said James V. Ashurst, deceased, at the time of his death."

The prayer of the bill is for an order of reference to ascertain and report the amount due on said notes, and for an order for the sale of said land allotted to respondent, for the satisfaction of the amount due, if not paid as required.

No objection was made to the equity or sufficiency of the bill, and an answer was filed admitting the execution of the notes, and the rendition of the decree as alleged in the bill, at the June term, 1916, but alleging payment of the notes in full before the commencement of this suit. Respondent also sets up by cross-bill claims against the administratrix, and prays for relief by set-off and judgment for the excess.

The cause was submitted by complainant for final decree on the bill and exhibits, the admissions of the answer, and the answer to the cross-bill; and upon consideration the court held that complainant was entitled to relief, and ordered a reference in accordance with the prayer of the bill.

The register reported that the face amount of the notes had been paid, and that interest was due in the sum of $162.50; and, further, that $150 was a reasonable fee to be paid the solicitors for services in making the collection.

Several exceptions were filed by respondents to the report of the register, but on submission the report was confirmed, and relief decreed accordingly.

J. W. Strother, of Dadeville, for appellant.

Before a complainant is entitled to recover, there must be both appropriate allegation and proof in support of such allegations. Real estate of persons dying intestate descends to heirs at law of decedent, and unless necessary for payment of debts of decedent or some other purpose of administration, the administrator has no right to collect rents

and profits therefrom or to interfere therewith. 108 Ala. 105, 20 South. 387; 68 Ala. 98; 64 Ala. 438, 38 Am. Rep. 15; 63 Ala. 580; 91 Ala. 512, 8 South. 342.

Stuart Mackenzie and Wm. F. Thetford, both of Montgomery, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. As we read the brief for appellant, only two propositions are urged in impeachment of the orders and decrees of the trial court: (1) That no proof was offered to support the allegations of the bill with respect to the execution of the notes sued on, and hence the order of reference was erroneous; and (2) that, even if duly proved, the administratrix was without legal right to collect rents accruing from the decedent's real estate after his death, in the absence of a statutory showing of necessity for their appropriation to the payment of debts of the estate, and, hence, that the bill was without equity, and its allegations could not support a decree for relief.

[1-3] 1. The answer admits the execution of the two promissory notes as charged in the bill, and this relieved complainant of the burden of making formal proof. The allegation that respondent "does not admit that Exhibit A (or B) to the bill of complaint is a correct copy of said note" is evasive merely, and does not amount to a denial that the copy is correct, nor does it avoid the admissions otherwise made as to the character and substance of the notes.

"Where material facts are stated in the bill, which, prima facie, are within the knowledge, information, or belief of the defendant, his failure to deny them, or to express his belief of their falsity, or to state that he cannot form any belief respecting their truth, is a virtual admission that they are true. He cannot shelter himself behind equivocal, evasive, or doubtful terms, nor behind a literal denial which amounts to no more than a negative pregnant." Grady v. Robinson, 28 Ala. 289.

On the admissions of the answer alone, the trial court was justified in ordering the reference.

[4] The answer admits fully and unequivocally the allegation of the bill that by the decree of a court of competent jurisdiction a lien was declared on respondent's interest in the lands of the estate for "any sums of money found to be due from this respondent to the complainant for or on account of rents of any portion of the lands belonging to said James V. Ashurst, deceased, at the time of his death." At the time of that decree the rent notes here sued on were in existence, and presumably the decree related to the obligations which they evidenced. Prima facie, that decree, as shown by the bill, established the validity of respondent's then existing obligations with respect to the payment of rents for that portion of the lands rented by him, and the right of the administratrix to collect whatever amount was afterwards found to be due in that behalf by subjecting respondent's share of the lands to its satisfaction. Manifestly, the only question left open was the amount of the debt for the payment of which the land was to be charged by the administratrix.

It results that the bill contained equity, and the contention of appellant in that regard cannot be sustained.

We find no error in the rulings of the trial court, and its orders and decree in the premises will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.